FILED
2013 Oct-21 PM 02:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 2:00-cr-00386-LSC-HGD |
| | ) |
| MATTHEW MICHAEL STEARNS | ) |

## <u>RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION (DOC. 63)</u>

COMES NOW the United States of America, by and through Joyce White Vance, United States Attorney for the Northern District of Alabama, and Daniel J. Fortune, Assistant United States Attorney, and respectfully requests the Court deny the defendant's Motion for Relief from Registration as a Sex Offender (Doc. 63 also known as the "defendant's motion"), and states the following grounds:

1) Ala. Code § 15-20A-24(c)(2) (1975) requires the defendant's motion to be filed in a state court in Huntsville, Madison County, Alabama. The defendant's motion appears to seek relief from the state sex offender registration laws[1] and does not mention the federal sex offender registration laws. *See* Doc. 63.

2) The remedy relied upon in the defendant's motion is a state remedy for a state court and state registration laws. *See* Ala. Code § 15-20A-24 (1975). Federal registration laws are different and enumerate different relief for different sex

---

[1] First, the defendant unnecessarily attempts to convert his federal conviction to a similar state conviction, in Document 63, because the defendant's registration requirements are in fact based upon the defendant's federal conviction under SORNA. Ala. Code § 15-20A-5(34) (1975). More importantly, the defendant was NOT convicted of the requisite crimes enumerated in Ala. Code §§ 15-20A-24(a)(1)-(6). Finally, Ala. Code § 15-20A-24(b)(3) (1975) requires the defendant to prove that he was not more than four years older than his intended victim. The defendant's motion is without merit, even if filed in the correct Alabama State court.



offenders[2]. *See* 42 U.S.C. §§ 16901-16920.

3) Under the federal laws (SORNA), the defendant is a Tier II sex offender. 42 U.S.C. § 16911(A)(ii). As a Tier II sex offender, the defendant must register as a sex offender for 25 years[3]. 42 U.S.C. § 16915(a)(2). The defendant is ineligible for any reduction in his registration term under federal law. 42 U.S.C. § 16915.

4) SORNA is the federal civil sex offender registration law, which is not a criminal sentence, and applies irrespective of any state sex offender registration law. *See United States v. Kebodeaux*, 133 S.Ct. 2496, 2498-99 (2013) (The fact that these federal-law requirements in part involved compliance with state-law requirements make them no less requirements of federal law. The civil registration requirements for sex offenders are eminently reasonable. *citing Smith v. Doe*, 538 U.S. 84, 102-103 (2003)); *See generally United States v. Brown*, 586 F.3d 1342, 1348-50 (11th Cir. 2009) (SORNA applies even when Alabama's sex offender registration law did not comply with the minimum standards required by SORNA).

5) The U.S. Supreme Court acknowledged, "**For purposes of federal law**, SORNA reduced the duration of Kebodeaux's registration requirements to 25 years from the lifetime requirement imposed **by Texas law**[.]" *Kebodeaux*, at 2505

---

[2] If the Court allows the defendant to amend his motion to include the applicable federal laws enumerated in the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901-16920; the government requests additional notice and time to respond, if the Court finds a response necessary.

[3] Alabama state law requires the defendant to register for life. Ala. Code § 15-20A-3(b).

(emphasis added). By analogy, the defendant's federal sex offender registration requirements are different than his Alabama state sex offender registration requirements. *See generally Kebodeaux*. The National Guidelines for Sex Offender Registration and Notification (hereinafter, the Guidelines), promulgated by the Attorney General in June 2008, specifically stated, "[i]n other words, the Act generally constitutes a set of *minimum* national standards and sets a floor, not a ceiling, for jurisdictions' programs." *See National Guidelines for Sex Offender Registration and Notification*, p. 6. (June 2008). Further, the Guidelines state "Section 115(a) of SORNA specifies the *minimum* required duration of sex offender registration." *Id*. at 56-57 (emphasis added).

## CONCLUSION

The federal sex offender registration laws are clearly and permissibly different from state laws. The defendant is not entitled to the relief requested in either venue, or under either law. Therefore, the defendant's motion should be summarily denied, without the need for a hearing[4].

        Respectfully submitted,

        JOYCE WHITE VANCE
        United States Attorney
        /s/ *Daniel J. Fortune*
        Daniel J. Fortune
        Assistant United States Attorney

---

4 As a courtesy, the government contacted defense counsel and informed him of the government's position. After speaking, via telephone, defense counsel indicated his intent to still pursue the defendant's motion, in this Court, and that he understood that the government would be filing this written motion asserting how his claim is without merit and filed in the wrong court.

# CERTIFICATE OF SERVICE

I hereby certify that on 21st day of October 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing.

                                                  JOYCE WHITE VANCE
                                                  United States Attorney

                                                  /s/ *Daniel J. Fortune*
                                                  Daniel J. Fortune
                                                  Assistant United States Attorney